**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

v.

LINDSEY K. SPRINGER,
individually and as the Co-Trustee of
the S.L.C.A. Family Trust,

         Defendant - Appellant,

and

REGINA M. CARLSON, as Co-
Trustee of the S.L.C.A. Family Trust;
MARTHA F. MOORE, individually
and as Trustee of the W.T. Moore and
Martha F. Moore Revocable Trust
dated June 12, 2002; JANETH S.
SMITH; W. T. SMITH,

         Defendants.

No. 14-5012
(D.C. No. 4:08–CV–00278–TCK–PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court entered a judgment ordering Lindsey Springer to pay unpaid taxes. Four years and as many appeals later, Mr. Springer moved to undo the judgment, arguing that the government's attorneys lacked any authority to litigate the case. The district court denied the motion. Mr. Springer then moved to disqualify the presiding judge but the court denied this motion too. Mr. Springer now asks us to overturn both rulings.

Taking the first one first, Mr. Springer argues that he is entitled to relief under Fed. R. Civ. P. 60(b)(4) because the government lawyers who won the judgment against him were not statutorily empowered to do so. We cannot agree. Department of Justice attorney James C. Strong had litigating authority properly passed down to him from the Attorney General. The Attorney General has delegated civil litigation authority for actions arising under internal revenue laws to the Assistant Attorney General of the Tax Division. *See* 28 U.S.C. § 510. In turn, the Assistant Attorney General has delegated that authority to the Chiefs of the Civil Trial Sections of the Tax Division. *See* 28 C.F.R. § 0.13(b); *Dep't of Justice Tax Div. Directives* 110, 143. And the Chief of the Civil Trial Section for the Central Region, the Region covering Oklahoma, assigned Mr. Strong to litigate Mr. Springer's case.

Because the Attorney General properly delegated authority to Mr. Strong to pursue this case, we have no need to resolve Mr. Springer's separate but related challenge to Thomas Scott Woodward's authority as acting and interim U.S.

Attorney. Mr. Strong at all times possessed authority to litigate on the government's behalf — authority not dependent on Mr. Woodward's appointment. *See United States v. Suescun*, 237 F.3d 1284, 1287 (11th Cir. 2001) ("An appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute."); *United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999), *partially overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008).

Neither did the district judge abuse his discretion in denying Mr. Springer's disqualification motion. Mr. Springer argues that the judge acquired improper personal knowledge of disputed evidentiary facts through three pleadings and should have recused himself under 28 U.S.C. § 455(b)(1). But § 455(b)(1) requires recusal when the judge gains knowledge about the case from sources *outside* the litigation, not when he learns about the case from pleadings *in* the litigation. *See In re Grand Jury 95-1*, 118 F.3d 1433, 1438 (10th Cir. 1997). Mr. Springer's further contention that the presiding judge was involved in the disputed appointment has no basis in the record.

We deny Mr. Springer's several remaining motions as without merit. By way of example, Mr. Springer seeks from this court a show-cause order requiring the attorneys who signed the government's appellate brief to explain their authority to do so. But the government is entitled to a presumption that the lawyers it identifies as working for it are acting within the powers granted them

- 3 -

by law, and Mr. Springer has not rebutted that presumption when it comes to the lawyers appearing in this appeal.  *See* 28 U.S.C. § 517; *U.S. Postal Service v. Gregory*, 534 U.S. 1, 10 (2001); *Ron Peterson Firearms, LLC v. Jones*, Nos. 13-2054, 13-2055, 2014 WL 3703825, at *12 n.16 (10th Cir. 2014).

The judgment of the district court is affirmed.  Mr. Springer's motion to proceed on appeal *in forma pauperis* is denied.  He is reminded that he must pay the filing fee in full.

ENTERED FOR THE COURT


PER CURIAM